No. 1772.—EDWARD HEATH *v.* JOSEPH SHREMPP AND G. FREDERICK.

A surety on an official bond of a constable, wishing to avail himself of the plea of discussion, must point out the property of his principal and furnish the means to carry on the discussion.

Where judgment has been rendered against a constable for damages, a general denial by the sureties on his bond, only puts at issue the existence of such judgment.

A surety on the official bond of a constable of the city of New Orleans, given while the city was under military rule is not discharged from liability because the bond was not accepted by the Recorder and Board of Aldermen, as required by law. The military authority having made the appointment, and permitted the party to act, must be presumed to have approved the bond.

APPEAL from Third District Court of New Orleans. *Emerson,* J. Hornor & Benedict, for plaintiff and appellee. *Lambert & Murphy,* for defendant and appellant.

TALIAFERRO, J. The plaintiff having obtained a judgment against Baum, for $1415 damages, for an illegal seizure and sale made by him in his official capacity of constable, of plaintiff's property, caused execution to issue, which being returned *nulla bona,* he instituted this suit against the defendants as sureties on the official bond of Baum, to recover the amount of the judgment, and the further sum of $72 75 costs incurred by him in the suit against Baum. During the pendency of the suit, Frederick, one of the defendants died, and the suit was revived against his widow and the natural tutrix of his minor child. Separate answers were filed, containing general denials. Schrempp denied that Baum was ever constable, or that he ever signed a legal bond conditioned as the law directs. He admitted his own signature to the instrument sued on, but denied all liability thereby. He denied the solidarity of the act, and plead discussion.

There was judgment against Schrempp, and he appealed.

We find in the record a bill of exceptions taken by the defendant on the following points :

*First*—That this is an action on a joint obligation, and, as all the obligors were not made parties, no judgment could be rendered against any.

*Second*—That the record of suit No. 17,420, and the judgment rendered thereon offered in evidence and admitted by the court, constitute, as against the defendant, *res inter alios acta,* he not being a party to the suit which was brought by plaintiff against Baum.

*Third*—That the court erred in rejecting the testimony of several

witnesses offered by defendant to prove that there never had been any violation of the bond sued on ; that plaintiff was present when the act of the constable was performed of which he complains, and sanctioned it.

We think these objections were all properly overruled by the court. We consider it fully proved that Baum was legally appointed constable of the Third Justice's Court. The certificate of the Secretary of State, in connection with the bond itself, establishes this fact. The bond shows that each of the sureties is bound for $2500. The defendant, if he had the right to discuss his principal's property, can not exercise it here, as he has neither pointed out any, nor suggested that his principal had any. It does not appear that either surety has paid any part of the bond, in regard to the second point. The general denial of the defendant put at issue only the existence of the judgment. There is no special averment of the defendant that the plaintiff's cause of action in that suit was groundless, nor that the amount of his claim was incorrect, nor that the judgment was erroneous, nor any allegation affecting its validity in order to put the plaintiff on his guard. The objection under the third head is equally weak. There was a judgment against the principal on the bond. This was *prima facie* evidence against the sureties. The defendants have shown no countervailing evidence to rebut this presumption. The bond was objected to because, as defendant alleged, it had not been legally authenticated and registered. By the provisions of the act of 1855, bonds of this character are required to be accepted by the recorder and the finance committee of the Board of Aldermen of New Orleans. Baum's bond was executed in February, 1863. When the city of New Orleans was under military rule, there were no finance committee and Board of Aldermen. As Baum was appointed by the military authorities, and they permitted him to act, the presumption is, that they approved and accepted his bond. The bond was recorded in the mortgage office. But had it not been recorded, it would have been not the less binding between the parties. 3 N. S. 594.

We find no error in the judgment rendered.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs in both courts. 6 An. 109; 4 An. 548.